# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| BANK OF NEW YORK MELLON formerly known as Bank of New York, | Case No. 3:19-cv-00053 |
| Plaintiff, | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| vs. | |
| GREGORY THOMAS ACKERMAN, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATIONS[1]

On February 20, 2019, Defendants Gregory T. Ackerman and Joyce L. Ackerman filed a Notice of Removal of this case from the Montgomery County, Ohio Court of Common Pleas. They assert that removal is proper based on this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) and this Court's federal-question jurisdiction under 28 U.S.C. § 1331. Defendants also filed an Application to Proceed *in forma Pauperis*, which this Court previously granted.

The case is presently pending for initial review of Defendants' Emergency Notice of Removal and attached documents to determine whether removal was proper or whether remand to state court is warranted. *See* 28 U.S.C. § 1915(e)(2); *see also Bank of America, N.A. v. Davidson*, No. 1:12cv26, 2012 WL 404870, at *1 (S.D. Ohio 2012)

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

(Litkovitz, M.J.), Report and Recommendation adopted, 2012 WL 403923 (Feb. 8, 2012) (Dlott, D.J.).

Defendants have attached to their Notice of Removal the Complaint in Foreclosure Plaintiff Bank of New York Mellon filed in state court. That Complaint together with other documents that Defendants have attached to their Notice of Removal explain the following.[2]

Plaintiff is the holder of a Note executed on or near November 22, 1995 by Defendants in the amount of $91,000.00. (Doc. #1, *PageID* #s 49, 53). Defendants have defaulted on the Note by not making the installment payments due on it. Defendants have consequently defaulted under the Mortgage that secured the Note, leaving due and owing $74,507.87, plus interest, late fees, etc. *Id*. at 49. Plaintiff, as the holder of the Mortgage, holds a valid first lien upon certain real estate in Dayton, Ohio. *Id*. at 50, 67. Other Defendants—Thom Lehman Concepts, Inc., Inovision, and the Treasurer of Montgomery County, Ohio—may each claim an interest in the real estate by virtue of a lien. *Id*. at 50-51.

Defendants state in their Notice of Removal that they seek an Order directing the state court "to withdraw its Order of … Sheriff's Sale, filed on December 11, 2018, and furthermore immediately withdraw the Sheriff['s] Sale on February 22, 2019." *Id*. at 40. Defendants filed their Emergency Notice of Removal in this Court two days before the

---

[2] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82–83 (6th Cir. 1969)); *see Lyons v. Stovall,* 188 F.3d 327, 333 n.3 (6th Cir. 1999); *Saint Torrance v. Firstar,* 529 F.Supp.2d 836, 838 n. 1 (S.D. Ohio 2007) (Dlott, D.J.); *Davidson*, 2012 WL 404870, at *1.

2

scheduled Sheriff's sale.

\* \* \*

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants must therefore show that the present case "originally could have been filed in federal court [and] may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see Village of Oakwood v. State Bank & Trust Co.,* 539 F.3d 373, 377 (6th Cir. 2008) (defendant carries the burden of showing that removal is proper).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S .C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 501, 126 S.Ct. 1235 (2006).

Although Defendants' Emergency Notice of Removal rests on claimed violations of federal constitutional and statutory law, it is not their claims that control whether their removal was proper. Instead, to determine whether federal-question jurisdiction exists, the required removal analysis considers "the 'well-pleaded' allegations of the complaint. Under the well-pleaded complaint rule, the plaintiff 'is master to decide what law he will rely upon.'" *Berera v. Mesa Medical Group, PLLC*, 779 F.3d 352, 357 (6th Cir. 2015) (citations omitted). Examination of Plaintiff's state-court Complaint In Foreclosure does

3

not reveal the presence of a federal question. *See* Doc. #1, *PageID* #s 48-52.

Additionally, Plaintiff's state-court case cannot be removed based on a federal defense Defendants might seek to raise. *See Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425 ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *see also Davidson*, No. 1:12cv26, 2012 WL 404870, at *2 ("even if a defense has been raised in the foreclosure proceeding based on the FDCPA or other federal statute, the existence of such a defense is insufficient to support federal question jurisdiction as a basis for removal…."). As a result, federal-question jurisdiction does not support Defendants' attempt to remove this case from state court.

Defendants likewise face a hurdle in their attempt to invoke this Court's diversity jurisdiction. "A civil action otherwise removable solely on the basis of jurisdiction under [28 U.S.C. §] 1332 … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Defendants' address is in Dayton, Ohio, a fact indicating they are citizens of the State of Ohio. Defendants provide no information upon which it could be reasonably concluded that they are citizens of a state other than Ohio. (Doc. #1, *PageID* #s 23-40). Their removal attempt is therefore improper. *See* 28 U.S.C. § 1441(b)(2); *see also Chase Manhattan Mortg.*, 507 F.3d at 914; *Davidson*, No. 1:12cv26, 2012 WL 404870, at *1.

Lastly, Defendants' Emergency Notice of Removal is untimely by a long shot. A

4

defendant removing an action to federal court must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The 30–day period in § 1446(b)(1) starts to run only if the initial pleading contains "solid and unambiguous information that the case is removable." *Berera*, 779 F.3d at 364. The factual allegations in Plaintiff's Complaint—filed in state court in 2009—are the same factual allegations upon which Defendants now ground their claims under state or federal law. The information was no less solid and unambiguous then than it is today. Consequently, Defendants cannot reasonably argue that they did not know the grounds for their present claims when Plaintiff filed its Complaint in Foreclosure. Defendants filed their Emergency Notice of Removal in this Court more than 30 days after—indeed, many years after—Plaintiff filed its state-court Complaint in 2009. Their Emergency Notice of Removal is therefore untimely.

**IT IS THEREFORE RECOMMENDED THAT**:

1. This case be REMANDED to the Montgomery Count, Ohio Court of Common Pleas pursuant to 28 U.S.C. §§ 1447(c) and 1915(e)(2); and

2. The case be terminated on the Court's docket.


February 26, 2019                                *s/Sharon L. Ovington*
                                                                   Sharon L. Ovington
                                                                   United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **SEVENTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **SEVENTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).